**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CATHRYN COLEMAN,         ) | |
|     Plaintiff,                      ) | |
|                                          ) | Case No. 09 C 739 |
| v.                                              ) | |
|                                          ) | |
| COOK COUNTY                    ) | Magistrate Judge Geraldine Soat Brown |
|                                          ) | |
|     Defendant.                    ) | |
|                                          ) | |

## MEMORANDUM OPINION AND ORDER

Before the court are six motions in limine filed by defendant Cook County ("Cook County").[1] [Dkt 77-82.] Plaintiff, Cathryn Coleman ("Coleman"), filed responses to each of the motions, including the one which she does not contest. [Dkt 86-91.] Oral argument was heard on the motions on September 16, 2010 and October 5, 2010. The motions are ruled upon as follows.

## BACKGROUND

The following brief summary of the facts is taken from the parties' Draft Final Pretrial Order. [Dkt 84.] Coleman worked for Cook County as an administrative clerk from May 21, 1990 until October 18, 2007. She alleges that Cook County failed to accommodate her disability when it

---

[1] None of Cook County's motions contain the required statement attesting to the parties' efforts to reach an accord in advance of the motions' filing. *See* Standing Order Regarding Trial Preparation For Civil Consent Cases Before Magistrate Judge Brown ¶10. (viewed at http://www.ilnd.uscourts.gov/home/JudgeInfo.aspx (last visited Oct. 20, 2010.) It likewise appears that the parties did not attempt to resolve the issues raised by the motions. Although Cook County's motions could have been stricken for that failure, they are ruled upon herein.

1

refused to allow her to return to work after certain leaves of absence and that it forced her to take disability leaves at various times from July 2004 through October 2007. She also claims that in response to her discrimination complaints Cook County retaliated against her by refusing to allow her to return to work after various leaves and for constructively discharging her in October 2007. Cook County denies each of Coleman's claims. Trial is set to begin in this matter on November 15, 2010.

**DISCUSSION**

Generally, "[m]otions in limine are disfavored." *Mi-Jack Products v. International Union of Operating Engineers, Local 150*, No. 94 C 6676, 1995 WL 680214 at *1 (N.D. Ill. Nov. 14, 1995) (Conlon, J.) "Evidence should not be excluded in limine unless it is clearly inadmissible on all potential grounds." *Id*. Rather, rulings on evidence "ordinarily should be deferred until trial," when they may be resolved in the proper context. *Id*. The movant bears the burden of showing that the evidence that it seeks to preclude is "clearly inadmissible." *Plair v. E.J. Branch & Sons, Inc.*, 864 F. Supp. 67, 69 (N.D. Ill. 1994). Denial of a motion in limine is *not* a ruling that the material subject to the motion is necessarily admissible. Rather, it means only that "outside the context of trial, the court cannot determine whether the evidence in question is admissible." *Id*. at 69.

    A.    <u>Motions in Limine Nos. 1 and 4</u>

Cook County's Motion in Limine No. 1 seeks to bar plaintiff from seeking any category of speculative damages other than lost income; specifically, it seeks to bar $60,000 that Coleman claimed as damages based on her early withdrawal from pension and life insurance policies. [Dkt

2

77.] Motion in Limine No. 4 seeks to bar Coleman from presenting any evidence of special damages; specifically, $20,000 in claimed medical expenses. [Dkt 80.] Both motions are premised on Cook County's challenge to the adequacy of Coleman's disclosures during discovery. After initially opposing the motions (Pl.'s Resp. Mot. in Limine No. 1, Pl.'s Resp. Mot. in Limine No. 4) [dkt 86, 89], Coleman has withdrawn both claimed damage amounts, as stated during the October 5, 2010 continued hearing on the motions.

Because Coleman has withdrawn her claims for special damages and medical expenses, Cook County's Motion in Limine Nos. 1 and 4 are denied as moot.

### B. Motion in Limine No. 2

Cook County's Motion in Limine No. 2 seeks to exclude non-party witnesses from the courtroom prior to testifying and an order instructing witnesses "not to discuss any aspects of the case among themselves or with others during the course of the trial." (Def.'s Mot. in Limine No. 2 at 1.) [Dkt 78.] Coleman does not oppose the motion. (Pl.'s Resp. Mot. in Limine No. 2.) [Dkt 87.]

Federal Rule of Evidence 615 provides that upon a party's motion or *sua sponte* the court may exclude witnesses from the trial so that they cannot hear the testimony of other witnesses. Fed. R. Evid. 615. All witnesses other than the party representatives shall be excluded from the courtroom during opening statements as well as during the testimony of any and all other witnesses. If a witness concludes his or her direct testimony and remains to observe some other part of the trial, that witness may be precluded from testifying in rebuttal. *See U.S. v. Tedder*, 403 F.3d 836, 840 (7th Cir. 2005) ("If [defendant] wanted this witness available for rebuttal, he should have kept him out

of the courtroom.") Counsel for the parties must police their witnesses' compliance with this order.

Cook County's additional request that witnesses be instructed not to discuss the case during its pendency also is unopposed, and is granted. Counsel shall instruct their witnesses that, although they may discuss trial scheduling matters or other issues with counsel, they may not discuss among themselves or with other people any other aspect of this case once the trial has begun.

Cook County's unopposed Motion in Limine No. 2 is granted.

### C. Motion in Limine No. 3

Cook County's Motion in Limine No. 3 seeks to bar Coleman's retaliation claim. [Dkt 79.] In support of its motion, Cook County argues that neither Coleman's September 21, 2007 charge of discrimination nor her December 20, 2007 charge of discrimination can support her claim because: (1) the earlier charge alleged only that Coleman's supervisor had harassed her (by, among other things, raising her voice and talking in a demeaning manner) which itself is not actionable since it does not involve a materially adverse change in the terms or conditions of employment; and (2) the later charge was voluntarily withdrawn. (*Id*. at 1-2.) Coleman opposes the motion, stressing the district judge's prior determination that she had presented sufficient evidence for her retaliation claim to go to trial. (Pl.'s Resp. Mot. in Limine No. 3 at 1-2.) [Dkt 88.]

Cook County previously challenged Coleman's retaliation claim when it moved for summary judgment. (Def.'s Mot. S.J.) [Dkt 44.] In denying the motion, the district judge held that the claim was predicated not only on Coleman's complaint that her supervisor had harassed her as alleged in her September 21, 2007 charge of discrimination but also on her complaint that her supervisor refused to permit her to return to work on September 24, 2007, a later event that was found to be

reasonably related to the allegations in the September 21, 2007 charge of discrimination. (Mem. Op. and Order, Feb. 25, 2010 at 16-17.) [Dkt 63.] Concluding that being prevented from working constitutes an adverse employment action and that Coleman had presented sufficient evidence for each of the elements of a retaliation claim, the district judge denied summary judgment. (*Id.* at 19-20.) The parties consented to the jurisdiction of the magistrate judge on the same day that the summary judgment ruling was entered by the district judge. (Joint Consent.) [Dkt 65.]

By its motion in limine, Cook County essentially seeks to revisit an issue previously decided by the district judge in Coleman's favor. The Seventh Circuit has cautioned, however, that:

> [L]aw-of-the-case principles are applicable when a case is transferred to a new judge midway through litigation; in general, the successor judge is discouraged from reconsidering the decisions of the transferor judge. The successor judge should depart from the transferor judge's decision only if he has a conviction at once strong and reasonable that the earlier ruling was wrong, and if rescinding it would not cause undue harm to the party that had benefitted from it.

*Gilbert v. Illinois State Bd. of Educ.*, 591 F.3d 896, 902 (7th Cir. 2009) (citations and quotations omitted). Cook County's motion presents no basis to deviate from the district judge's ruling, which is the law of the case.

Cook County makes one additional argument: that Coleman's retaliation claim should be barred because she withdrew her December 2007 charge of discrimination from the Illinois Department of Human Rights ("IDHR"). (Def.'s Mot. in Limine No. 3 at 1-2.) In her withdrawal request (which is attached to Cook County's motion), Coleman both withdrew her charge of discrimination filed with the IDHR and requested a Right to Sue Notice from the EEOC in order to file this lawsuit. Cook County presents no basis to conclude that Coleman waived her right to bring this case.

5

Cook County's Motion in Limine No. 3 is denied.

D. <u>Motions in Limine Nos. 5 and 6</u>

Cook County's Motion in Limine No. 5 seeks to preclude Coleman from calling any witness who has not previously been disclosed, and its Motion in Limine No. 6 seeks to preclude Coleman from presenting any medical testimony. [Dkt 81, 82.] Specifically, Cook County complains that Coleman now proposes Robert Coleman, Dr. Kumar Moolayil, Dr. Lawrence Okafor, Violar Murray and Nurse Inray as witnesses who may testify, although none of them were disclosed "as individuals with discoverable information relevant to the disputed facts in the Rule 26 disclosure." (Def.'s Mot. in Limine No. 5 at 1-2.) It also argues that the medical professionals who might opine as to the cause of plaintiff's medical condition, like Dr. Kumar Moolayil, Dr. Lawrence Okafor and Nurse Inray, should be barred from testifying because Coleman failed to identify those witnesses either as fact witnesses or as expert witnesses. (*Id.* at 2.)[2]

Federal Rule of Civil Procedure 26(e) requires a party to timely supplement or correct an earlier disclosure or discovery response "if the party learns that in some material respect the disclosure or response is incomplete, or incorrect, and if the additional or corrective information has not *otherwise been made known* to the other parties *during the discovery process or in writing*." Fed. R. Civ. P. 26(e) (emphasis added). Under Federal Rule of Civil Procedure 37(c)(1), if a party fails to provide or supplement information as required by Rule 26(a) or (e), "the party is not allowed

---

[2] Although Cook County made similar objections in the parties' draft pretrial order to Coleman's listing of Dr. Benjamin Gruber and Thomas Jablonski as witnesses, neither are discussed in the motions in limine. (*Compare* Draft Final Pretrial Order at 2-3 *with* Def.'s Mot. in Limine No. 5, Def.'s Mot. in Limine No. 6.) The rulings as to those witnesses are included here.

to use that information or witness to supply evidence . . . unless the failure was substantially justified or is harmless."

Coleman argues that she complied with her disclosure obligations under Federal Rule of Civil Procedure 26. (Pl.'s Resp. to Def.'s Mot. in Limine No. 5 at 1, Pl.'s Resp. to Def.'s Mot. in Limine No. 6 at 1-2.) [Dkt 90, 91.] While apparently conceding that she did not identify Robert Coleman, Dr. Kumar Moolayil, Dr. Lawrence Okafor, Violar Murray and Nurse Inray in her initial disclosures (which were not filed by either party in conjunction with the pending motions), Coleman says that each witness was identified in her Revised Rule 26(a)(1) Disclosures, and that "t[]hroughout discovery - in her interrogatory responses, document production, and deposition - [she] discussed her husband, Robert Coleman, and [Cook County] thoroughly questioned [her] regarding her relationship with her husband during her deposition." (Pl.'s Resp. to Mot. in Limine No. 5 at 1.) Regarding Drs. Moolayil and Okafor, Coleman asserts that she "acknowledged" they were her treating physicians and that Cook County obtained releases of medical information from those physicians." (Pl.'s Resp. to Mot. in Limine No. 6 at 1.) The only evidence Coleman submitted with her responses, however, was her Revised Rule 26 disclosures. (Pl.'s Resp. to Mot. in Limine No. 5, Ex. A; Pl.'s Resp. to Mot. in Limine No. 6, Ex. A.) The hearing on the motion was continued so that the parties could present to the court what Coleman had disclosed during discovery.

### 1. *Fact Witnesses*

Coleman acknowledges that she did not initially disclose several witnesses whom she proposes testify at trial, although she argues that she did disclose them in her Revised Disclosures. Coleman's Revised Disclosures, however, were served more than six months after the close of

discovery. Standing alone they are insufficient to meet her burden under Rule 26(e). Whether the witnesses may testify therefore depends on whether information about the witness otherwise became known to Cook County during discovery or in writing, and whether Coleman's failure to disclose was substantially justified or harmless. *See* Fed. R. Civ. P. 26(e), 37(c)(1). The rulings as to each witness are set forth below.

Violar Murray: Coleman has withdrawn her intention to call Violar Murray to testify at trial. Motion in Limine No. 5 therefore is denied as moot as to Violar Murray.

Thomas Jablonski: At the September 10, 2010 hearing on the motions, Cook County withdrew its objection as to Thomas Jablonski since he is a Cook County employee whom Cook County also has identified as a witness it will call to testify at trial. (*See* Draft Final Pretrial Order at 2.)

Nurse Inray: This employee of Cook County was identified in several of Cook County's documents produced during discovery (which in turn were marked by Coleman as part of a proposed trial exhibit). Because Nurse Inray is a Cook County employee whose role in the litigation was made known to Cook County through its own documents during the discovery process, Coleman's failure to disclose Nurse Inray was harmless. Cook County's Motion in Limine No. 5 is denied as to Nurse Inray.

Robert Coleman: In an interrogatory answer provided during discovery, Coleman identified her husband, Robert Coleman, as a witness to an exchange she had with her supervisor which she complains was harassing. (Pl.'s Resp. First Set Interrogs. ¶9.)[3] Coleman also mentioned her

---

[3] Coleman did not file copies of her discovery responses in conjunction with the present motions, although she submitted them in open court. They are referred to herein as "Pl.'s Resp. First Set Interrogs.," and can be found attached to an earlier motion in this case at dkt. 27-2.

husband during her deposition, although she concedes that she did not testify about his knowledge of any issue in this case. At the hearing, Coleman's counsel suggested that Robert Coleman would be called as a witness to Coleman's emotional damages, although Coleman did not disclose her husband as having any information on that topic in response to interrogatories, in initial disclosures, or in her deposition. Because the only subject on which he was disclosed during discovery was his observation of a single incident, Robert Coleman may testify only as to that incident. Cook County's Motion in Limine No. 5 therefore is granted in part and denied in part as to Robert Coleman.[4]

Drs. Gruber, Moolayil and Okafor: The parties agreed at the motion hearing that Coleman had initially disclosed Dr. Gruber as a witness with discoverable information. In an interrogatory answer provided during discovery, Coleman further identified all three doctors as her treating physicians, listing Dr. Gruber as her ear, nose, and throat specialist, Dr. Moolayil as her psychiatrist, and Dr. Okafor as her primary physician. (Pl.'s Resp. First Set Interrogs. ¶1.) Cook County does not dispute that it obtained records releases for Drs. Moolayil and Okafor, and that certain of Dr. Okafor's records were marked by Cook County as proposed trial exhibits. The doctors' identities and the subject matter of their knowledge, therefore, was made known to Cook County during the discovery process, in accordance with Rule 26(e). Cook County's Motion in Limine No. 5 is denied as to Drs. Gruber, Moolayil and Okafor.

---

[4] During the continued hearing, Cook County also objected to the relevance of Robert Coleman's testimony. Relevance objections are reserved for trial.

*2.  Medical Testimony*

That Coleman disclosed the doctors as possible witnesses during discovery does not, however, resolve Motion in Limine No. 6.  In addition to disclosing fact witnesses, a party "must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."  Fed. R. Civ. P. 26(a)(2)(A).  In *Musser v. Gentiva Health Sys.*, 356 F.3d 751, 757 (7th Cir. 2004), the Seventh Circuit made clear that disclosing a person as a fact witness and disclosing a person as an expert witness are two distinct acts.  "[E]ven treating physicians and treating nurses must be designated as experts if they are to provide expert testimony."  *Id.* at 758.  In this Circuit, there is no doubt after *Musser* that a treating physician who is to testify under Federal Rule of Evidence 702 must be identified in disclosures pursuant to Rule 26(a)(2), even if the treating physician was previously disclosed as a fact witness.  Coleman never served any Rule 26(a)(2) disclosures.

The distinction between fact and expert witnesses, mandated by the Federal Rules of Civil Procedure, is not a pointless one.  "Knowing the identity of the opponent's expert witnesses allows a party to properly prepare for trial."  *Musser*, 356 F.3d at 757.  Indeed, in *Musser*, the plaintiff had disclosed the medical witnesses as fact witnesses and their records had been obtained by the defendant.  The Seventh Circuit nevertheless concluded that the plaintiff's failure to designate the witnesses as experts had prejudiced the defendant by denying it the opportunity to take certain steps not applicable to fact witnesses, such as seeking to disqualify the experts *qua* experts.  *Musser*, 356 F.3d at 757-58.

Coleman argues that since the doctors will not testify "pursuant to Rule 702 as to the 'ultimate cause' of an injury[, they] need not be disclosed as experts."  (Pl.'s Resp. to Mot. in Limine

No. 6 at 2.) According to Coleman, no expert disclosure was necessary because the cause of her condition is "not even at issue," and these medical professionals were not hired to opine as to the cause of her condition but rather possess relevant information through "many years of serving as her treating physicians and nurses, and not in preparation for litigation." (*Id.*)

Coleman's opposition to the motion confuses two issues under Rule 26: first, whether a party's treating physician or other medical provider must be disclosed as an expert witness under Rule 26; and second, whether the witness must prepare an expert report. Rule 26 further provides, "if the witness is one retained or specially employed to provide expert testimony," the disclosure shall be accompanied by a written report prepared and signed by the witness. Fed. R. Civ. P. 26(a)(2)(B). "[A]ll witnesses who are to give expert testimony under the Federal Rules of Evidence must be disclosed under Rule 26(a)(2)(A); only those witnesses '*retained or specially employed to provide expert testimony*' must submit an expert report complying with Rule 26(a)(2)(B)." *Musser*, 356 F.3d 751, 756-57 (emphasis in original). Whether the medical professionals obtained information about Coleman through their treatment of her is irrelevant to Coleman's expert disclosure obligations.[5]

Expert discovery in this case was ordered closed by January 5, 2010. (Order, May 4, 2009.) [Dkt 21.] Pursuant to that order, any Rule 26(a)(2) disclosures should have been served by that date. None were served, and the failure to do so was not harmless. Because Coleman did not provide Rule

---

[5] Coleman cites *Patel v. Gayes*, 984 F.2d 214 (7th Cir. 1993), as support for her argument that a treating physician need not be identified as an expert when the witness is offered to testify as to information obtained not in preparation for litigation but rather as a viewer with respect to transactions or occurrences at issue in the lawsuit. (Pl.'s Resp. to Def.'s Mot. in Limine No. 6 at 2.) *Patel* interpreted an earlier version of Rule 26's expert disclosure requirements and was superseded by the rule's revision in 1993. *See Musser*, 356 F.3d at 757 n.2 (noting that *Patel* had been superseded by the rule's 1993 revision.)

26(a)(2) disclosures, she may not present any expert testimony. The medical professionals may testify as fact witnesses but they may not testify based on "scientific, technical or other specialized knowledge" under Federal Rule of Evidence 702.

Cook County's Motion in Limine No. 6 is therefore granted.

## CONCLUSION

For all of the aforementioned reasons, defendant Cook County's Motion in Limine Nos. 1 and 4 are denied as moot, Nos. 2 and 6 are granted, No. 5 is granted in part and denied in part, and No. 3 is denied.

**IT IS SO ORDERED.**

_____
**GERALDINE SOAT BROWN**
**United States Magistrate Judge**

**DATED:** October 20, 2010