**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CATHRYN COLEMAN,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 09-CV-739** |
| **COOK COUNTY,** | ) | **Honorable Judge Geraldine Soat Brown** |
| **Defendant.** | ) | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR**
**DIRECTED VERDICT ON PLAINTIFF'S CLAIMS**

Defendant, County of Cook, by and through its attorney, ANITA ALVAREZ, State's

Attorney of Cook County, and her Assistant State's Attorneys, Gregory Vaci and Julie Ann

Sebastian, submit this memorandum in support of its motion for directed verdict on Plaintiff

Cathryn Coleman's claims pursuant to Rule 50 of the Federal Rules of Civil Procedure.

## INTRODUCTION

Rule 50 of the Federal Rules of Civil Procedure provides that a court should render

judgment as a matter of law when "a party has been fully heard on an issue and there is no

legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed.

R. Civ. P. 50(a); *see also Reeves v. Sanderson Plumbing Prod., Inc.,* 530 U.S. 133, 120 S. Ct.

2097, 2109, 147 L. Ed. 2d 105 (2000). The standard for judgment as a matter of law "mirrors"

the standard for granting summary judgment. *Id.* (*quoting Anderson v. Liberty Lobby, Inc.,* 477

U.S. 242, 250-51, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986).)

## I. DEFENDANT COOK COUNTY IS ENTITLED TO JUDGMENT ON PLAINTIFF'S CLAIM OF FAILURE TO ACCOMMODATE.

The evidence presented in plaintiff's case is insufficient to prove that she was qualified to

perform the job of Clerk V in patient registration under the ADA. The evidence is undisputed

that plaintiff was not qualified to do the Clerk V outpatient registration job at the ACHN clinic

because she could not perform the essential functions of that position. The evidence presented in plaintiff's case is insufficient to prove that defendant failed to accommodate her in violation of the ADA.

The undisputed evidence shows that there were only two occasions when plaintiff was released to work with two restrictions from one of her own personal physicians: "no prolonged talking and avoid extreme temperatures". On March 20, 2006, Defendant returned plaintiff to work with those restrictions and provided an accommodated special project coordinator job, a newly created position specifically designed for plaintiff's restrictions. Plaintiff testified that the special project coordinator job was a reasonable accommodation. Although qualified to perform as a pharmacy tech in 2005, because she licensed by the State of Illinois as a pharmacy technician, something that she did at the hospital while employed in the special project coordinator job, Plaintiff testified that she did not look for any vacancy open positions, including a Pharmacy Tech position. She did not look for any vacant open positions on the job bulletin boards because she "liked her Clerk V position." When Plaintiff was released, as of October 16, 2007, by one of her physicians to return to work, she resigned two days later, on October 18, 2007, the last date for the Benefit Fund's retirement buy-out program. The evidence is undisputed that at all other relevant times between July of 2004 and October 18, 2007, plaintiff was not released to work by one of her physicians and was unable to work at all.

## II.     DEFENDANT COOK COUNTY IS ENTITLED TO JUDGMENT ON PLAINTIFF'S CLAIM OF DISABILITY DISCRIMINATION.

In addition to the arguments made above, plaintiff has provided no evidence that a reasonable finder of fact could conclude that defendant constructively discharged plaintiff due to her being actually disabled or "regarded as" disabled under the ADA. Plaintiff has provided no direct evidence from which the jury could reasonably conclude that she was constructively

discharged by defendant. In addition, plaintiff has provided no circumstantial evidence or evidence that other similarly-situated non-disabled individuals were treated more favorable than she.

Further, plaintiff's claim of constructive discharge as the underlying adverse employment action has not been proven. A constructive discharge claim requires the plaintiff to show that her conditions of work were so intolerable that a reasonable person would be compelled to resign. *Rabinovitz v. Pena*, 89 F.3d 482, 489 (7th Cir. 1996). It is undisputed that plaintiff was not in the workplace at the time that she resigned; and that she took advantage of the retirement buy-out program that provided an additional 50% bonus.

In *Brown v. Ameritech Corp.,* the Court noted that a constructive discharge claim requires the plaintiff to show that his or her conditions of work were so intolerable that a reasonable person would have been compelled to resign. 128 F.3d 605, 608 (7th Cir. 1997), citing *Rabinovitz v. Pena*, 89 F.3d 482, 489 (7th Cir. 1996). The aggrieved person must also seek redress at the workplace, unless she encounters some kind of aggravating situation. *Id.* Like that plaintiff, Coleman's only actions after her conversation with Mr. Dyson was to choose the retirement buy-out and to sign the papers indicating that her decision was voluntary. "This is, if anything, the opposite of what a person seeking to cure an intolerable work environment would have done."*Id.*

## III. DEFENDANT COOK COUNTY IS ENTITLED TO JUDGMENT ON PLAINTIFF'S CLAIM OF RETALIATION UNDER THE ADA.

Plaintiff's claim of retaliation must also be dismissed for the reasons set forth above regarding plaintiff's inability to prove that she was constructively discharged.

## CONCLUSION

WHEREFORE, Defendant Cook County respectfully requests that this Honorable Court enter judgment in its favor on plaintiff's claims pursuant to Rule 50 of the Federal Rules of Civil

Procedure.

                    Respectfully submitted,

                    **ANITA ALVAREZ**
                    State's Attorney of Cook County
By:  */s/ Gregory Vaci*
                    Assistant State's Attorney
                    ARDC #6204697
                    500 Richard J. Daley Center, Chicago, IL 60602
                    (312) 603-3369